UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JALEN SHELTON,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA.<br><br>Defendant. | **COMPLAINT**<br><br>24-cv-874 |

Plaintiff, JALEN SHELTON, ("plaintiff") by his attorneys, LIPSITZ GREEN SCIME CAMBRIA LLP, for his Complaint against defendant, alleges:

### PRELIMINARY STATEMENT

1. Plaintiff, Jalen Shelton, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§2671-2680, seek monetary damages arising from defendant United States of America's (hereinafter "Defendant" or "United States") negligence and other wrongful acts, that resulted in serious injury to plaintiff (hereinafter at time, "plaintiff").

2. On or about the 10th day of August, 2022 at approximately 7:55 p.m., in the driveway of 147 Farragut Street, Rochester, New York, a law enforcement team operating as part of a federal Joint Task Force operation executed an arrest warrant for the plaintiff. Plaintiff was located, apprehended, unarmed and in compliance, but instead of being peacefully taken into custody, officers who upon information and belief were agents of the U.S. Marshals Service and police officers of various local jurisdictions operating as part of a federal Joint Task Force

1

operation deployed a K-9 dog in attack mode, and the K-9 dog bit claimant, seriously injuring his right arm.

## JURISDICTION, VENUE AND CONDITIONS PRECEDENT

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 in that this action arises under the laws of the United States of America and is premised on the acts and omissions of the defendant acting under color of federal law.

4. This Court has further subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1346(b) in that this is a claim against defendant United States of America for money damages, accruing on or after January 1, 1945, for personal injuries that were caused by the negligent and wrongful acts and omissions of employees and agents of the United States Government while acting within the scope of their offices and employment, under the circumstances where defendant United States, if a private person, would be liable to Plaintiff.

5. Jurisdiction founded upon federal law is proper in that this action is premised upon federal causes of action under the Federal Tort Claims Act (hereinafter "FTCA"), 28 U.S.C. §2671, et. seq.

6. Plaintiff fully complied with the provisions of 28 U.S.C. 2675 of the Federal Tort Claims Act and exhausted his claim by filing the required forms with the defendant and having his claim denied.

7. Pursuant to the FTCA, 28 U.S.C. §2671, et. seq., Plaintiff presented his claims to the appropriate federal agencies for administrative settlement under the FTCA.

8. This action is timely pursuant to 28 U.S.C. §2401(b) in that it was presented to the appropriate federal agency within two years of accrual and this action was filed within six months of the running of the six-month period after Plaintiff's claim was constructively denied.

9. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b), 1391(c), and1402(b) in that plaintiff is a resident in Monroe County, New York and all, or a substantial part, of the acts and omissions complained of herein occurred within Monroe County, New York, which is within this judicial district.

10. The amount in controversy is in excess of $75,000.00.

## THE PARTIES

11. At all times alleged herein, plaintiff was a resident of the State of New York.

12. Defendant United States is sued for personal injuries caused by the negligent or wrongful acts or omissions of its employees and agents. Those employees and agents were acting within the scope of their office or employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of New York. *See* 28 U.S.C. §1346(b).

13. Defendant United States is subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees and agents of the Government while acting within the course and scope of their office or employment, under the circumstances where the defendant, if a private person, would be liable to the Plaintiff, pursuant to the FTCA.

14. Defendant United States is also subject to suit for personal injury caused by the negligent and wrongful acts and omissions of employees and agents of law enforcement persons from local governments acting on behalf of a federal agency in an official capacity under the FTCA, as the term government employees is broadly defined pursuant to 28 U.S.C. § 2671(1).

15. At all times material to this action, Defendant United States was responsible for the supervision, training and coordination of its employees and law enforcement persons from local governments acting on behalf of a federal agency in an official capacity.

## FACTUAL ALLEGATIONS

16. Upon information and belief, defendant United States designed and planned the operation, initiated it, funded it, directed the assignments for it, decided on the tactical procedures, and was responsible for the conduct of the operation, including but not limited to the training, supervision, and coordination of the law enforcement agents involved. The law enforcement agents involved included employees of the United States and employees of local law enforcement agencies who were acting as agents of defendant United States at all material times.

17. Upon information and belief, no "k9" procedures, use of force protocols, supervision protocols, procedures for arrest, or any other information on how to effectuate the arrest were discussed. Upon information and belief, no procedures for emergency medical treatment were discussed nor were any actions taken to ensure an ambulance was near the scene during the course of the operation in the event emergency medical treatment was required. Upon information and belief, defendant United States conducted no formal preparation or training for the law enforcement agents involved in this operation. Defendant United States failed to have proper protocols in place and failed to conduct any training despite its knowledge of the need for it, especially with regard to uses of force and training.

18. On or about the 10th day of August, 2022 at approximately 7:55 p.m., in the driveway of 147 Farragut Street, Rochester, New York, a law enforcement team executed an arrest warrant for the plaintiff. Plaintiff was located, apprehended, unarmed and in compliance, but instead of being peacefully taken into custody, officers deployed a K-9 dog in attack mode, and the K-9 dog bit claimant, seriously injuring his right arm.

19. At the date, time and place set forth above, a joint task force, consisting of law enforcement employed by the U.S. Marshals Service, Monroe County, Monroe County Sheriff's Department and the New York State Police, arrived at plaintiff's residence.

20. Plaintiff was located in the backyard of his residence when he noticed police officers coming up the driveway. He walked towards the officers with his hands up.

21. Plaintiff was frisked by a New York State Trooper.

22. At that time, plaintiff got down on his knees with his hands behind his back and laid down on the ground. While on the ground, the Government's law enforcement agents unnecessarily and excessively deployed a K-9 dog in an attack mode upon plaintiff causing serious injuries to his right arm. Plaintiff had not resisted the directives of the Government's law enforcement agents nor engaged in any conduct which would have warranted the use of such violent and excessive physical force against his person.

23. As described above, the acts and omissions of the Government's law enforcement agents, acting within the scope of their employment, were negligent and wrongful.

## CAUSE OF ACTION

### Count One: Assault and Battery

24. Plaintiff repeats and re-alleges each and every allegation set forth in the prior paragraphs of this Complaint, inclusive, as if fully set forth herein.

25. At all material times, the unknown officer(s) who deployed the k-9 was/were an investigative or law enforcement officer(s) acting on behalf of a federal agency in an official capacity, in the service of the United States.

26. The unknown officer(s) caused bodily harm to plaintiff by excessively deploying a k-9 while he was compliant. The deployment of the k-9 constituted excessive force and was accomplished without the consent and against the will of plaintiff.

27. As a direct and proximate result of the unknown officer(s)' actions, for which Defendant the United States is responsible, plaintiff was caused to suffer serious bodily injury.

28. Under the Federal Tort Claims Act, Defendant United States of America is liable for these actions or omissions.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiff demands judgment against the defendant, UNITED STATES OF AMERICA, in the amount of ONE MILLION ($1,000,000.00) DOLLARS; and for such other, further or different relief as the Court may deem just and proper, together with the costs and disbursements of this action.

DATED:   Buffalo, New York
         September 16, 2024

**LIPSITZ GREEN SCIME CAMBRIA LLP**

By: /s/ Melissa D. Wischerath
MELISSA D. WISCHERATH, ESQ.
Attorneys for Plaintiff
42 Delaware Avenue, Suite 120
Buffalo, New York 14202-3924
(716) 849-1333, ext. 397